RAYMOND NARDO, Esq.
RAYMOND NARDO, P.C.
129 Third St
Mineola, NY 11501
(516) 248-2121
Nardo@Raynardo.com
*Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

Erika Melgar, Gabriela Interiano, and
Concepcion Hernandez,

                               Plaintiffs,

                         -against-

Pupuseria Carmelina Inc., Carlos Donaldo Coreas, as
an individual, Narda Campos, as an individual,

                              Defendants.
-----------------------------------------------------------------------X

**COMPLAINT**

**22-CV-6044**

      Plaintiffs Erika Melgar, Gabriela Interiano, and Concepcion Hernandez

("Plaintiffs"), by counsel, RAYMOND NARDO, P.C., upon personal knowledge, complaining of

defendants Pupuseria Carmelina Inc., Carlos Donald Coreas, and Narda Campos as an

individual, jointly and severally (collectively referred herein as "Defendants") allege:

## NATURE OF THE ACTION

    1.   This action seeks to recover unpaid minimum wages, and other monies pursuant

to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the New York Labor

Law § 190, *et seq.* ("NYLL") on behalf of plaintiffs.

2.    Defendants deprived plaintiffs of the protections of the FLSA and NYLL by failing to pay minimum wage, and by failing to pay plaintiffs for all hours worked.

## JURISDICTION

3.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, and jurisdiction over plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

4.    This Court also has jurisdiction over plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

5.    This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## VENUE

6.    Venue is proper in the Eastern District of New York pursuant to 28 U.S.C.  § 1391 because the corporate defendants are located in the Eastern District of New York and the cause of action arose there.

## THE PARTIES

**Plaintiffs**

7.    Defendants employed plaintiff Concepcion Hernandez as a Waitress from on or before September 1, 2016 through July 31, 2022, for approximately 65 hours per week.

8.    Defendants employed plaintiff Erika Melgar as a Waitress from on or about November 20, 2021 through July 31, 2022,  for approximately 26 hours per week.

9.    Defendants employed plaintiff Gabrielle Interiano as a Waitress from on or about

September 3, 2021 through July 31, 2022 for approximately 65 hours per week.

10.  Plaintiffs' duties were to wait on customers, perform dishwasher duties and accept payment from customers.

11.  Defendants paid plaintiffs "shift pay" of $30 per shift (for the day) from the start of their employment through 2018 and $40 per shift (for the day) from 2019 through 2022, which was below the minimum wage.

12.  At all times relevant to this action, Plaintiffs were individually engaged in commerce or in the production of goods for commerce on behalf of defendants because Plaintiffs processed credit card transactions.

**Defendants**

13.  Defendant Pupuseria Carmelina, Inc. a New York corporation with its principal executive office located at 645 Jerusalem Ave., Uniondale, NY 11554, in the Eastern District of New York.

14.  Defendant Pupuseria Carmelina, Inc. is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.  Defendant has: (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, including, meat, fish, rice, napkins, and beverages, and (2) an annual gross volume of sales in excess of $500,000.

15.  Pupuseria Carmelina, Inc. is a covered employer within the meaning of the FLSA

and the NYLL and, at all times relevant, employed plaintiffs.

16.  At all relevant times, Pupuseria Carmelina, Inc. has maintained control, oversight, and direction over plaintiffss.

17.  Defendant Carlos Donaldo Coreas is an owner and/or officer of Pupuseria Carmelina, Inc..  He exercises sufficient control over both corporations' operations to be considered plaintiffs' employer under the FLSA and NYLL, including the authority to hire and fire, assign work, supervise employees, maintain payroll records, and at all times material herein established and exercised authority regarding the pay practices at both corporation.

18.  The business activities of the defendants are related and performed through unified operation or common control for a common business purpose and constitute an enterprise, or joint employer, within the meaning of the FLSA.

19.  Defendants are covered by the Hospitality wage order.

## DEFENDANTS' FAILURE TO PAY MINIMUM WAGES

20.  Defendants suffered or permitted plaintiffs to work and did not compensate plaintiffs at the minimum wage required under New York State Law.

21.  Defendants paid Plaintiffs below the minimum wage.

22.  Defendants never provided Plaintiffs with a notice concerning any tip credit under the FLSA or NYLL.

23.  More than 20% of Plaintiffs' work was spent in non-tippable work because

Plaintiffs washed dishes.

## DEFENDANTS' VIOLATIONS OF THE
## WAGE THEFT PREVENTION ACT

24.  The NYLL and Wage Theft Prevention Act requires employers to provide all employees with a written notice of wage rates within ten days of the time of hire and when the wage rate is increased.

25.  Defendants failed to furnish plaintiffs with wage notices as required by § 195(1) of the Labor Law.

26.  The NYLL and Wage Theft Prevention Act requires employers to provide all employees with an accurate statement accompanying every payment of wages, which lists the name and phone number of the employer, regular rate of pay, overtime rate of pay, regular hours worked, overtime hours worked, gross wages, net wages, and additional information.

27.  Defendants also failed to furnish plaintiffs with accurate statements of wages, as required by § 195(3) of the Labor Law.

## FIRST CAUSE OF ACTION
## (FLSA – Unpaid Minimum Wages)

28.  Plaintiffs realleges, and incorporates by reference, all allegations in all preceding paragraphs.

29.  At all times relevant, each plaintiff was an "employee" within the meaning of 29 U.S.C. §§ 201 *et seq.*

30.  At all times relevant, defendants have been employers of plaintiffs, engaged in commerce and/or the production of goods for commerce, within the meaning of 29 U.S.C. §§ 201 *et seq.*

31.  Defendants have failed to pay plaintiffs minimum wages to which they are entitled under the FLSA.

32.  Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional.  Defendants were aware or should have been aware that the practices described in this Complaint were unlawful.

33.   Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of plaintiffs.

34.  Because defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq.*

35.  As a result of defendants' willful violations of the FLSA, plaintiffs has suffered damages by being denied minimum wage in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

## SECOND CAUSE OF ACTION
### (NYLL – Unpaid Minimum Wages)

36.  Plaintiffs realleges, and incorporates by reference, all allegations in all preceding

paragraphs.

37.  Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

38.  At all times relevant, plaintiffs have been employees of defendants, and defendants have been employers of plaintiffs within the meaning of the NYLL §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

39.  Defendants have failed to pay plaintiffs the minimum wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations.

40.  Through their knowing or intentional failure to pay minimum hourly wages to plaintiffs, defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

41.  Due to defendants' willful violations of the NYLL, plaintiffs are entitled to recover from defendants unpaid minimum wages and liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## THIRD CAUSE OF ACTION
### (NYLL – Failure to Provide Wage Notices)

42.  Plaintiffs realleges, and incorporates by reference, all allegations in all preceding paragraphs.

43.  Defendants have willfully failed to supply plaintiffs with a wage notices, as required by NYLL, Article 6, § 195(1), in English, or in the language identified by plaintiffs as their primary language, containing plaintiffs' rate or rates of pay and  basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner has deemed material and necessary.

44.  Through their knowing or intentional failure to provide plaintiffs with the wage notices required by the NYLL, defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

45.  Due to defendants' violation of NYLL § 195(1), plaintiffs are entitled to recover from defendants liquidated damages $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

**FOURTH CAUSE OF ACTION**
**(NYLL – Failure to Provide Wage Statements)**

46.  Defendants have willfully failed to supply plaintiffs with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that

payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

47. Through their knowing or intentional failure to provide plaintiffs with the accurate wage statements required by the NYLL, defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

48. Due to defendants' violation of NYLL § 195(3), plaintiffs are entitled to recover from the defendants liquidated damages of $5,000,  plus reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs respectfully requests that this Court enter a judgment:

a. Declaring that defendants have violated the minimum wage, overtime pay of the FLSA, and supporting United States Department of Labor Regulations;

b. declaring that defendants have violated the minimum wage provisions of the NYLL, and supporting regulations;

c. declaring that defendants have violated the Wage Theft Prevent Act;

d. declaring that defendants' violations of the FLSA were willful;

e.    declaring that defendants' violations of the NYLL were willful;

f.    awarding plaintiffs damages for all unpaid wages;

g.    awarding plaintiffs liquidated damages in an amount equal to the total amount of the wages found to be due, pursuant to the FLSA and the NYLL;

h.    awarding damages of $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, as provided for by NYLL, Article 6 § 198;

i.    awarding plaintiffs liquidated damages of $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, as provided for by NYLL, Article 6 § 198;

j.    issuing a declaratory judgment that the practices complained of in this Complaint are unlawful under the NYLL, Article 6, §§ 190 *et seq.*, NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations;

k.    awarding plaintiffs pre-judgment and post-judgment interest under the FLSA and the NYLL;

l.    granting an injunction requiring defendants to pay all statutorily required wages and cease the unlawful activity described herein pursuant to the NYLL;

m.    That this court award the plaintiffs backpay, frontpay, lost health insurance, life insurance, pension and deferred compensation benefits, retirement benefits, stock options, vacation, personal, sick and accrued leave, which amounts are to be determined at trial, as well as pre-judgment interest, and compensatory damages, punitive damages, and counsel fees, for defendants' willful unlawful retaliation against the plaintiffs, in violation of the

New York State Human Rights Law;

n.   That this court award the plaintiffs backpay, frontpay, lost health insurance, life insurance, pension and deferred compensation benefits, retirement benefits, stock options, vacation, personal, sick and accrued leave, which amounts are to be determined at trial, as well as pre-judgment interest, compensatory damages, and punitive damages and counsel fees for defendants' willful unlawful sexual harassment against the plaintiffs, in violation of the New York City Human Rights Law;

o.   awarding plaintiffs reasonable attorneys fees' and costs pursuant the FLSA and the NYLL and the NYSHRL and NYCHRL;

p.   awarding such other and further relief as the Court deems just and proper.

Dated:   Mineola, NY
         October 7, 2022

                              RAYMOND NARDO, P.C.

                         By:  _____
                              RAYMOND NARDO, ESQ.

                              129 Third St
                              Mineola, NY 11501
                              (516) 248-2121
                              Nardo@Raynardo.com
                              *Counsel for Plaintiffs*